JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4769 PA (VBKx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | Connie Westfield-Thornton v. Ramprate, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| R. Neal for Paul Songco | None | None |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS – COURT ORDER

Before the Court is a Complaint filed by plaintiff Connie Westfield-Thornton ("Plaintiff") against defendants Ramprate, Inc. ("Ramprate"), Insperity Peo Services, L.P. ("Insperity"), and Does 1 through 100. The Complaint asserts several state law claims, and a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. Pursuant to the Court's June 26, 2014 Order, Plaintiff filed a RICO Case Statement ("Case Statement") on July 18, 2014. (Docket No. 12.) After reviewing Plaintiff's Complaint and RICO Case Statement, the Court determines that it lacks subject matter jurisdiction over this action.

**I.     Background**[1]

Plaintiff was hired by Defendants as an "Alliance Manager" or "Director of Partner Development" in March 2013. Defendants allegedly misrepresented to Plaintiff that she was an "independent contractor" for the first 120 days of her employment, and an "exempt" employee until her employment with Defendants ended. According to Plaintiff, Defendants made these fraudulent representations to her by mail, email, and phone, and sent her tax forms and other financial documents that misrepresented her employment status. Plaintiff claims that, as a result, she was "deceived into paying Social Security and other taxes" that Defendants should have paid, and deprived of thousands of dollars in overtime pay.

Plaintiff initiated this action on May 13, 2014 in Los Angeles County Superior Court. The Complaint asserts causes of action for (1) unpaid wages, Cal. Lab. Code §§ 201, 202; (2) constructive fraud; (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.; (4) wrongful termination in violation of California's Fair Employment and Housing Act, Cal. Govt. Code §§ 12940 et seq.; (5) wrongful termination in violation of public policy; (6) negligence; and (7) unlawful business practices, Cal. Bus. & Prof. Code §§ 17200 et seq. On June 6, 2014,

---

[1]       Although the Complaint alleges additional facts in support of Plaintiff's other claims, they are not included here as they are not relevant to the issue of whether the Court has subject matter jurisdiction over this action.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-4769 PA (VBKx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | Connie Westfield-Thornton v. Ramprate, Inc., et al. | | |

Defendants removed the action to this Court, based on federal question jurisdiction.  See 28 U.S.C. §§ 1331, 1441(a).  In the Notice of Removal, Defendants allege that federal question jurisdiction exists here because Plaintiff's civil RICO claim "aris[es] under the laws of the United States."

### II.     Legal Standards

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994).  "Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"  Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689, 126 S. Ct. 2121, 2131, 165 L. Ed. 2d 131 (2006) (quoting 28 U.S.C. § 1331).  "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).  The "mere presence of a federal issue in a state cause of action" does not automatically confer federal-question jurisdiction.  Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234, 92 L. Ed. 2d 650 (1986).

"The lack of subject matter jurisdiction may be raised at any time and it can never be waived."  Cobb v. Breeds, No. C 10-03907 ME, 2012 WL 33242, at *1 (N.D. Cal. Jan. 6, 2012) (citing Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.1996)).  Furthermore, "[t]he Court has an independent obligation to ensure that its subject-matter jurisdiction has been invoked properly."  Randy Horn D.D.S., Inc. Profit Sharing Plan v. High Point Servs., Inc., No. EDCV 12-01604 VAP (DTBx), 2013 U.S. Dist. LEXIS 166612, at *1-2 (C.D. Cal. Nov. 21, 2013) (citing Fed. R. Civ. P. 12(h)(3)).  Thus, the Court may raise the issue of subject matter jurisdiction sua sponte.  See Randy Horn, 2013 U.S. Dist. LEXIS 166612, at *2; Cobb, 2012 WL 33242, at *1 (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)).

### III.    Analysis

To establish a civil claim under RICO, a plaintiff must allege "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985)).  The plaintiff must also establish proximate causation.  Canyon Cnty. v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008); see also Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) ("Proximate causation for RICO purposes requires some direct relation between the injury asserted and the injurious conduct alleged." (internal citations and quotation marks omitted)).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-4769 PA (VBKx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | Connie Westfield-Thornton v. Ramprate, Inc., et al. | | |

If mail fraud is asserted as the predicate to the RICO claim, then the claim must satisfy Federal Rule of Civil Procedure 9(b), which requires that the circumstances constituting fraud be stated with particularity. See Alan Neuman Prods v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (noting that "the pleader must state the time, place, and specific content of the false misrepresentations as well as the identities of the parties to the misrepresentation"). In this case, Plaintiff's claim is subject to Rule 9(b)'s heightened pleading standard because Plaintiff contends that Defendants engaged in mail and wire fraud. (See Compl. ¶ 33 ("The conduct of the Defendants . . . constituted 'Racketeering Activities' as defined by 18 U.S.C. § 1961. Specifically, the Defendants utilized the United States Mail to misrepresent to Plaintiff that she was an Independent Contractor and that she was an exempt employee, for the purpose of benefitting themselves . . . ."); see also id. at ¶¶ 34, 35; RICO Case Statement 3-5.)

After reviewing Plaintiff's Complaint and Case Statement, the Court determines that Plaintiff has failed to establish a viable civil RICO claim. Specifically, the Complaint and Case Statement do not provide sufficient facts that establish the existence of an "enterprise." "To show the existence of an enterprise . . ., plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." Eclectic Props. East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014) (citing Boyle v. United States, 556 U.S. 938, 946, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009)); see also 18 U.S.C. § 1961(4) (defining "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"); McClintic v. U.S. Postal Serv., No. 1:13-CV-00439-LJO-GSA, 2014 U.S. Dist. LEXIS 4772, at *4-7 (E.D. Cal. Jan. 14, 2014).

Here, the Complaint is devoid of any factual allegations that show the existence of an enterprise. Instead, the Complaint provides conclusory statements such as, "[t]he association of Defendants . . ., as herein alleged, was an 'enterprise' as that term is defined in 18 U.S.C. § 1961." (Compl. ¶ 34; see also id. at ¶ 6.) Similarly, the Case Statement asserts broad conclusions such as "[Defendants] both directly participated in, and both directly profited from the misclassification of Plaintiff as an Independent Contractor . . . when they knew she was not an Independent Contractor." (RICO Case Statement 6; see id. at 6-7.) However, the Case Statement provides no details regarding the structure or organization of the alleged enterprise.

Nor does the Complaint or Case Statement sufficiently allege facts showing a "pattern of racketeering activity." A "pattern of racketeering activity" means "at least two acts of racketeering activity." See 18 U.S.C. § 1961(5). "Racketeering activity" can be any act which is indictable under a criminal offense listed in the statute. See 18 U.S.C. § 1961(1)(B).

In this case, the Complaint alleges mail and wire fraud as the predicate acts for the RICO claim. To establish a claim for mail or wire fraud, Plaintiff must allege facts showing "(A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud." Eclectic Props. East, 751 F.3d at 997; see also 18 U.S.C. §§ 1341, 1342. As explained above, however, the Complaint relies primarily on conclusory statements and labels to establish this claim. Specifically, the Complaint does not allege any facts regarding "the formation of a

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-4769 PA (VBKx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | Connie Westfield-Thornton v. Ramprate, Inc., et al. | | |

scheme to defraud." Further, while "the intent to defraud may be inferred from a defendant's statements and conduct," Eclectic Props. East, 751 F.3d at 997 (quoting United States v. Peter, 962 F.2s 1410, 1414 (9th Cir. 1992)), the Complaint does not even provide sufficient factual allegations regarding Defendants' statements or conduct from which specific intent may be inferred. Likewise, the Case Statement fails to allege facts regarding "the circumstances constituting fraud . . . with particularity," in accordance with the heightened pleading standard of Rule 9(b). See Alan Neuman Prods., 862 F.2d at 1392-93.

Furthermore, neither the Complaint nor the Case Statement provide any details regarding the identities of the parties to the misrepresentation other than those regarding Tony Greenberg, Ramprate's Chief Executive Officer. (See RICO Case Statement 5.) Plaintiff even admits in the Case Statement that "[t]he misrepresentation that she . . . would be an Independent Contractor was originally made by unknown employees of Insperity . . ., who will need to be determined through discovery." The Case Statement also fails to specify which defendant engaged in what conduct, and instead, just attributes many of the alleged actions to both defendants. Additionally, the Case Statement does not allege facts regarding when certain acts occurred or the specific content of the false misrepresentations.

Based on the reasons stated above, the Court finds that Plaintiff did not establish a viable civil RICO claim, despite being given the opportunity to provide additional facts in a RICO Case Statement. Plaintiff's civil RICO claim is therefore dismissed with prejudice.

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the Court has dismissed the only claim over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 14-4769 PA (VBKx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | Connie Westfield-Thornton v. Ramprate, Inc., et al. | | |

### Conclusion

For the reasons stated above, Plaintiff's civil RICO claim is dismissed without leave to amend. Because the Court has dismissed the only claim over which it possesses subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Court therefore remands this action to Los Angeles Superior Court, Case No. BC545580.

IT IS SO ORDERED.